UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Osman Estibi Aguilar, | 2:24-cv-00359-GMN-MDC |
| Plaintiff(s), | |
| vs. | Order |
| Hercules Tire & Rubber Company Inc. et al, | |
| Defendant(s). | |

On March 13, 2024, the Court granted the *Motion to Withdraw as Attorney* (ECF No. 6), permitting Attorneys David Finegold and Joshua Berrett to withdraw as counsel for plaintiff Osman Estibi Aguilar. ECF No. 10. The Court also ordered Mr. Aguilar to either file a Notice of Appearance of Counsel or a Status Report regarding his efforts to secure new counsel by April 12, 2024. *Id*. On March 25, 2024, the Court granted defendant Cooper Tire & Rubber Company, LLC's ("defendant") *Motion to Extend Time* regarding the Joint Status Report deadline. ECF No. 13. On April 19, 2024, defendant filed a Status Report notifying the Court of the status of the case. ECF No. 14. Defendant notified the Court that to date, it has not been able to get in contact with Mr. Aguilar, nor has Mr. Aguilar complied with the Court's Order (ECF No. 13). *Id*. The defendant requests that the Court enter an Order presuming Mr. Aguilar is representing himself, or in the alternative, to set a hearing on this issue and order Mr. Aguilar to appear at the hearing. *Id*.

The Court agrees that a hearing is appropriate.  The Court is also concerned about Mr. Aguilar's failure to comply with the Court's Order (ECF No. 10), to provide the requested information, and about the apparent stall in the action. Mr. Aguilar is reminded that it is  plaintiff's duty to diligently monitor and pursue his case. *See Bonham v. Daniels*, 2023 U.S. Dist. LEXIS 164172, at *5 (D. Nev. Sept. 14, 2023).

The Court notes that a proposed discovery plan and scheduling order has not been filed.  Local Rule 26-1 provides:

LR 26-1. DISCOVERY PLANS AND MANDATORY DISCLOSURES
(a) Fed. R. Civ. P. 26(f) Meeting; Filing and Contents of Discovery Plan and Scheduling Order.
The pro se plaintiff or plaintiff's attorney must initiate the scheduling of the conference required by Fed. R. Civ. P. 26(f) to be held within 30 days after the first defendant answers or otherwise appears. Fourteen days after the mandatory Fed. R. Civ. P. 26(f) conference, the parties must submit a stipulated discovery plan and scheduling order. The plan must be formatted to permit the plan, once the court approves it, to become the scheduling order required by Fed. R. Civ. P. 16(b). If the plan sets deadlines within those specified in LR 26-1(b), the plan must state on its face in bold type, "SUBMITTED IN COMPLIANCE WITH LR 26-1(b)." If longer deadlines are proposed, the plan must state on its face "SPECIAL SCHEDULING REVIEW REQUESTED." Plans requesting special scheduling review must include, in addition to the information required by Fed. R. Civ. P. 26(f) and LR 26-1(b), a statement of the reasons why longer or different time periods should apply to the case or, in cases in which the parties disagree on the form or contents of the discovery plan, a statement of each party's position on each point in dispute.

(b) Form of Stipulated Discovery Plan and Scheduling Order; Applicable Deadlines. The discovery plan must include, in addition to the information required by Fed. R. Civ. P. 26(f), the following information:
   (1) Discovery Cut-Off Date. The plan must state the date the first defendant answered or otherwise appeared, the number of days required for discovery measured from that date, and the calendar date on which discovery will close. Unless the court orders otherwise, discovery periods longer than 180 days from the date the first defendant answers or appears will require special scheduling review;
   (2) Amending the Pleadings and Adding Parties. Unless the discovery plan otherwise provides and the court so orders, the deadline for filing motions to amend the pleadings or to add parties is 90 days before the close of discovery. The plan must state the calendar date on which these amendments are due;
   (3) Fed. R. Civ. P. 26(a)(2) Disclosures (Experts). Unless the discovery plan otherwise provides and the court so orders, the deadlines in Fed. R. Civ. P. 26(a)(2)(D) for expert disclosures are modified to require that the disclosures be made 60 days before the discovery cut-off date and that rebuttal-expert disclosures be made 30 days after the initial disclosure of experts. The plan must state the calendar dates on which these exchanges are due;
   (4) Dispositive Motions. Unless the discovery plan otherwise provides and the court so orders, the deadline for filing dispositive motions is 30 days after the discovery cut-off date. The plan must state the calendar date on which dispositive motions are due;

(5) Pretrial Order. Unless the discovery plan otherwise provides and the court so orders, the deadline for the joint pretrial order is 30 days after the dispositive-motion deadline. If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order;

(6) Fed. R. Civ. P. 26(a)(3) Disclosures. Unless the discovery plan otherwise provides and the court so orders, the disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections to them must be included in the joint pretrial order;

(7) Alternative Dispute Resolution. The parties must certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation;

(8) Alternative Forms of Case Disposition. The parties must certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01);

(9) Electronic Evidence. In cases in which a jury trial has been demanded, the parties must certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The plan must state any stipulations the parties reached regarding providing discovery in an electronic format compatible with the court's electronic jury evidence display system. Parties should consult the court's website or contact the assigned judge's courtroom administrator for instructions about how to prepare evidence in an electronic format and other requirements for the court's electronic jury evidence display system; and

(10) Form of Order. All discovery plans must include on the last page of the plan the words "IT IS SO ORDERED" with a date and signature block for the judge in the manner set forth in LR IA 6-2.

(c) The discovery plan may direct that before moving for an order relating to discovery, the movant must request a conference with the assigned magistrate judge.

(d) Unless the court orders otherwise, subsections (a) and (b) do not apply to interpleader actions. The procedures in LR 22-1 govern all interpleader actions.

*Id.*

ACCORDINGLY,

**IT IS ORDERED that** the parties shall appear on **July 2, 2024, at 11:00am** in **Courtroom 3B,** for a Status and Discovery Hearing**.**  The parties must be prepared to discuss the status of the case and a

discovery plan and scheduling order, as required by Local Rule 26-1. The parties may request to appear telephonically by filing a *Request to Appear Telephonically* by no later than **May 28, 2024**.

**IT IS FURTHER ORDERED** that failure to comply with this Order, including failure to appear at for the Status and Discovery Hearing, may result in sanctions, including dismissal of the action.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file a written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

DATED this 7th day of May 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge